# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

CHARLENE STINSON                                                              PLAINTIFF

vs.                                                              CIVIL ACTION NO. 1:10cv102-SAA

COMMISSIONER OF SOCIAL SECURITY                                        DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the

decision of the Commissioner of Social Security denying plaintiff Charlene Stinson's application

for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff

protectively filed her application for SSI[1] on December 14, 2006, alleging disability beginning

March 1, 2000. Docket 7, Ex. 1, p. 15.[2] Plaintiff's claim was denied initially on December 19,

2006 and on reconsideration on May 15, 2007. Ex. 1, p. 15. She filed a written request for

hearing on July 16, 2007 and chose to appear and testify without the assistance of counsel at the

hearing held on August 25, 2009. *Id.* The Administrative Law Judge (ALJ) issued an

unfavorable decision on September 25, 2009 (*Id.* at 15-27), and the Appeals Council denied

plaintiff's request for a review. *Id.* at 7-9. Plaintiff timely filed the instant appeal from the

decision, and it is now ripe for review. Because both parties have consented to have a magistrate

---

[1] Because plaintiff's date last insured was December 1989, she was not eligible to apply for
disability insurance benefits. Exhibit 1, p. 71.

[2] The Administrative Record in this case is attached to defendant's Answer at Docket Entry 7.
All citations to the Administrative Record are to the Exhibit and Page Number at Docket Entry
7.

judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned

has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on February 11, 1964, and completed the eleventh grade. Exhibit 1, p.

67. She was 45 years old at the time of the ALJ's decision and has no past relevant work. Ex. 2,

p. 313. She was last employed in 1984. *Id.* Plaintiff contends that she became disabled before

her application for SSI due to headaches, numbness in her leg and foot, pain and muscle spasms

in her back, shoulders, neck and hands, and depression. Ex. 1, p. 90-93. Plaintiff only appeals

the ALJ's decision as to her depression and anxiety. Docket 13, p. 1. After a thorough review of

all of the evidence, including the plaintiff's medical records, the court concludes that the

objective evidence does not support a finding of disability under the Social Security Act (SSA).

The ALJ determined that plaintiff suffered from "severe" impairments, including

"status post carpal tunnel surgery, obesity, back disorder, history of asthma, hypertension, and

borderline intellectual functioning" (Ex. 1, p. 17), and non-severe impairments that included left

ankle injury, hernia, headaches, affective mood disorder, anxiety, somatoform disorder, and

personality disorder. Ex. 1, p. 18-19. The ALJ found that these non-severe impairments impose

no more than a minimal impact on the claimant's ability to perform work-related activity, lasted

less than 12 months, or supported no more than minimal functional limitations. Ex. 1, p. 18-19.

The ALJ performed a thorough analysis of all of plaintiff's alleged impairments,

including those that he determined were not severe or were not medically determinable

impairments. The ALJ held that because plaintiff's "activities of daily living support no more

than minimal functional limitations related to depression [or] anxiety," her depression and

2

anxiety were non-severe. Ex. 1, p. 19. He pointed out that only plaintiff's general care physicians at the Family Medicine Residency Center have treated plaintiff for depression and that Dr. Davis' "treatment notes reveal the claimant has no anxiety, agitation, or depression." *Id.* She "alleges depression and anxiety all her life, but she receives no mental health treatment." *Id.*

After analyzing each individual impairment alleged, the ALJ found that plaintiff's impairments, singly or on combination, did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 C.F.R. 416.920(d), 416.925 and 416.926). Ex. 1, p. 19. He considered testimony by the vocational expert [VE] at the hearing and, reviewing the record as a whole, determined that plaintiff retains the Residual Functional Capacity (RFC) to "perform sedentary work as defined in 20 CFR 416.967(a) except . . . . She is limited to jobs that do not demand attention to detailed or complicated job instructions or tasks." *Id.* at 22. Although he found that plaintiff's impairments could reasonably be expected to cause the alleged symptoms, he nevertheless concluded that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." Ex. 1, p. 22. The ALJ concluded that because there are jobs that exist in significant numbers in the national economy that plaintiff can perform, she is not disabled under the Social Security Act. Ex. 1, p. 26-27. Plaintiff contends that the ALJ erred when he determined that plaintiff's depression and anxiety were "not severe."

## II. DISCUSSION

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[3] The burden rests upon plaintiff throughout the first four steps of

---

[3]*See* 20 C.F.R. § 416.920 (2003).

this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at

each of the first four levels, then the burden shifts to the Commissioner at step five.[4]  First,

plaintiff must prove she is not currently engaged in substantial gainful activity.[5]  Second,

plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or

mental ability to do basic work activities . . . ."[6]  At step three the ALJ must conclude plaintiff is

disabled if she proves that her impairments meet or are medically equivalent to one of the

impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[7]  If plaintiff

does not meet this burden, at step four she must prove that she is incapable of meeting the

physical and mental demands of her past relevant work.[8]  At step five, the burden shifts to the

Commissioner to prove, considering plaintiff's residual functional capacity, age, education and

past work experience, that she is capable of performing other work.[9]  If the Commissioner proves

other work exists which plaintiff can perform, plaintiff is given the chance to prove that she

cannot, in fact, perform that work.[10]

     The court considers on appeal whether the Commissioner's final decision is supported by

---

[4]*Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[5]20 C.F.R. § 416.920(b) (2003).

[6]20 C.F.R. § 416.920 (2003).

[7]20 C.F.R. § 416.920 (2003).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."  20 C.F.R. § 416.925 (2003).

[8]20 C.F.R. § 416.920(e) (2003).

[9]20 C.F.R § 416.920(f)(1) (2003).

[10]*Muse*, 925 F.2d at 789.

substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[11] even if it finds that the evidence leans against the Commissioner's decision.[12] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

Plaintiff contends the ALJ erred by finding her impairments of depression and anxiety

---

[11]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[12]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

not "severe." Specifically, plaintiff alleges that the ALJ used an incorrect legal standard in

evaluating the severity of plaintiff's mental impairments. Despite plaintiff's claim of error,

however, the ALJ did properly consider all of her impairments and utilized the proper standard

in determining the severity of those impairments. The proper legal standard, as defined by the

Fifth Circuit, requires that "an impairment can be considered as not severe only if it is a slight

abnormality [having] such minimal effect on the individual that it would not be expected to

interfere with the individual's ability to work, irrespective of age, education or work

experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). "An impairment or

combination of impairments is not severe if it does not significantly limit your physical or mental

ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921. "If the claimant is unable

to show that [s]he has a medically severe impairment, [s]he is not eligible for disability benefits.

In such a case, there is no reason for the Secretary to consider the claimant's age, education, and

work experience." *Bowen v. Yuckert*, 482 U.S. 137, 148 (1987). The requirement of severity is

a threshold requirement that every plaintiff must prove before the claim may proceed to step

three. The ALJ performed a thorough analysis of the plaintiff's depression and anxiety and

found both to be non-severe impairments. The ALJ noted that plaintiff alleges to have suffered

from depression and anxiety all her life, but has received no mental health treatment. Ex. 1, p.

19. She has been prescribed various anti-depressants and anti-anxiety medications, but treatment

notes from her treating physicians demonstrate a normal mental status since late 2005. *Id.*

According to the ALJ, "Dr. Davis' treatment notes reveal the claimant had no anxiety, agitation,

or depression." *Id.* Joe Edward Morris, Ph.D., examined the plaintiff at the request of the ALJ

and determined that the plaintiff does not suffer from a major depressive disorder and found

"indications suggesting generalized anxiety" and mild to moderate depression of a dysthymic nature. Ex. 1, p. 144-46. Dr. Morris concluded that plaintiff "is not significantly impaired and on that basis able to perform routine, repetitive work-related tasks." *Id.* at 146. Although plaintiff notes seven instances where her treating physicians at the Family Medicine Residency Center have prescribed medication for depression or anxiety (Docket 13, p. 2-3), she does not provide any evidence that the depression or anxiety affect her ability to work. Similarly, plaintiff alleges that the mental health problems cause her "significant problems," but does not identify any evidence in the record to support any such problems. Docket 13, p. 7. The court agrees with the ALJ that the plaintiff's alleged impairments of depression and anxiety are non-severe impairments and concludes that the ALJ applied the proper legal standard in making this determination.

In passing, plaintiff argues that the ALJ did not afford proper weight to the opinions of the state agency examiner, Joe Edward Morris, Ph.D. However, that does not appear to be the case; the ALJ addressed Dr. Morris' opinions and did not find that any of them contradicted the medical records upon which the ALJ's decision was based. Therefore, this argument is without merit.

### III. CONCLUSION

After a review of the evidence presented to the ALJ, this court is of the opinion that the ALJ's opinion was supported by substantial evidence and must be affirmed. The ALJ thoroughly analyzed each of plaintiff's alleged impairments, including plaintiff's depression and anxiety. He properly weighed the evidence from plaintiff's treating physicians and evaluated plaintiff's impairments under all of the necessary steps. His conclusion that her depression and

anxiety are not severe is clearly supported by substantial evidence, and the decision of the

Commissioner should be affirmed.  A separate judgment in accordance with this Memorandum

Opinion will issue this date.

       This, the 14th of January, 2011.

                          /s/ S. Allan Alexander
                         UNITED STATES MAGISTRATE JUDGE